UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EZEQIUIAS FENELUS,

Petitioner,

v.

TONYA ANDREWS, et al.

Respondents.

No. 1:26-cv-08019-DAD-JDP

ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS;* GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2, 4)

On September 28, 2026, petitioner filed a *pro se* petition for writ of habeas corpus challenging his current detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) He has also filed a motion to proceed *in forma pauperis* (Doc. No. 4), and a motion for a temporary restraining order ("TRO") seeking his immediate release from custody. (Doc. No. 2.) On September 29, 2026, the court issued an order setting a briefing schedule which directed respondents to indicate whether this case is substantively distinguishable from the circumstances addressed in several cited prior orders of the undersigned. (Doc. No. 5.) In that same order, the court informed the parties that if it determined that petitioner was entitled to the relief sought in the motion, it intended to rule on the merits of the underlying petition based upon the briefing currently before the court. (*Id.*) The court further directed respondents to indicate whether it opposed the court taking such action. (*Id.*) On September 30, 2026, respondents filed a response.

(Doc. No. 7.) That opposition stated no opposition to the court ruling on petitioner's habeas petition based on the briefing currently before it despite respondent being invited to do so. (*Id.* at 1.) Thus, the court will do so. On October 19, 2026, petitioner filed a reply in support of his petition. (Doc. No. 9.)

Based upon the submissions of the parties the court finds as follows. Petitioner is a citizen of Haiti. (Doc. No. 1 at 4.) He entered the United States in October 2020 on a nonimmigrant visa which expired on August 7, 2026. (Doc. No. 7-1 at 5.) When that visa expired in August 2026, petitioner was detained by ICE and remains in immigration custody.

Respondents argue petitioner's current detention is lawful pursuant to 8 U.S.C. § 1226(a). (Doc. No. 7 at 1.) For the reasons set forth below, the court concludes that petitioner was entitled an *initial* custody determination upon being placed into immigration detention but there is no evidence before the court that he was provided with that hearing. The court also rejects as unpersuasive respondents' argument that petitioner's current detention is lawful.

In support of its conclusion, the court adopts its reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026), and finds that respondents' failure to detain petitioner in compliance with the procedures required by § 1226(a), the statute respondents concede is that which applies to petitioner's current detention, requires his immediate release. In *Zurita Navarro,* 2026 WL 2294963, at *1, the undersigned set forth the procedures that due process requires be followed when a petitioner is detained pursuant to § 1226(a). Those procedures include a petitioner being provided with an i*nitial* custody determination by an immigration officer at which a petitioner is provided the opportunity to demonstrate that his release would not pose a danger or flight risk. Those procedures were not followed here. Respondents note that petitioner could now, *post-hoc*, request a bond hearing. (Doc. No. 7 at 1.) Nonetheless, there does not appear anything in the record before the court indicating that petitioner received the *pre*-detention hearing that due process required. That failure alone to provide the due process procedures required in connection with petitioner's current immigration detention compels the conclusion that petitioner is entitled to release. *See Zurita Navarro*, 2026 WL 2294963, at *2–3.

For the reasons stated above:

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 4) is GRANTED;

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Ezequias Fenelus, A-File No.231-513-886, from respondents' custody;

   b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);

3. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting his petition for writ of habeas corpus on the merits;

4. The Clerk of the Court is directed to serve the warden of California City Immigration Processing Center with a copy of this order; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **October 30, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE